JOHN W. PICKARD *versus* BENJAMIN BAYLEY & al.

The statute (c. 64 of R. S. of 1841,) requires, that hay pressed and put up in bundles, for sale or shipment, shall be branded on the boards or bands enclosing the same, with the name of *the person pressing the same;* and it is no compliance with the statute to brand thereon the name of *another person,* although it be done with his consent.

An action cannot be maintained against the owners of a vessel, for the nonperformance of a contract to transport hay, if the bundles are not marked as the statute requires. Nor, for neglect in taking care of the hay, after its delivery to them for shipment, whereby the hay was greatly damaged, the duty or promise to take care of it arising from the contract of affreightment, the performance of which would be in violation of the statute.

EXCEPTIONS from the ruling of MAY, J.

This was an action of ASSUMPSIT. The plaintiff in his writ, which is dated Dec. 2, 1854, declares against the defendants, as owners of the schooner *Sarah,* alleging an agreement by the defendants to carry on freight, from Alna to Boston, a quantity of hay, belonging to the plaintiff; and a non-performance of the agreement.

The second count alleges that, having delivered the defendants the hay, to be taken on board the vessel on freight, they promised safely to keep, take care of, and carry the same to market, but, by neglecting so to do, the hay became damaged and almost worthless.

There were several grounds of defence taken at the trial, and various instructions requested, to which the exceptions relate; but, as only one point in the defence is considered in the opinion of the Court, further reference to the other points which were argued becomes unnecessary.

The plaintiff proved, by John W. Plummer, that he (the witness) pressed the hay; that a part was marked by him and branded "N. Plummer"; that he marked the weight on the bales with red chalk, but put on no other brand; the last he screwed was not so marked, but he told the plaintiff he could mark it when he pleased; he might get the brand and put the name on, but whether the hay was afterwards branded

the witness could not say.   The witness further stated that Nathaniel Plummer, his father, had consented that he might use his branding iron on all the hay he pressed.   He also testified, that he and Samuel Paine owned the press which he used in pressing the hay, and that said Nathaniel Plummer, who owned the branding iron, allowed him to use it when he chose, and that he generally had it with the press.

*Joseph Pickard* testified, in behalf of plaintiff, that he afterwards procured a branding iron of Nathaniel Plummer, and branded the hay " N. Plummer," with that, and borrowed another iron, of a Mr. Dole, and branded it also thus, " Alna, Me.," and that the hay was not otherwise branded, except the weight was marked thereon, and he thought he put these marks upon all the bundles of both lots.

*Nathaniel Plummer* testified that he was the owner of the branding iron, and that Joseph Pickard applied for it and he let him have the use of it; but that he, (the witness,) did not press the hay, and was not present when it was done, and only knew that his son went to press it, and had no connection with the contract for pressing it.

The plaintiff, by his counsel, contended that such marking was a compliance with the statute.

The defendant's counsel contended that it was insufficient to justify the taking of the hay on board of the vessel to carry to a market.

The Judge, for the purposes of the trial and to have some other questions settled by the jury, together with the question of damages, instructed the jury that, if the plaintiff had satisfied them, from the whole evidence, that the hay which was agreed to be shipped, was all marked with the words " N. Plummer, Alna, Me.," and that the hay was screwed or pressed by his son, John W. Plummer, at said Alna, and that both said N. Plummer and John W. Plummer, lived in said Alna at the time, and that said hay was so marked by the consent and authority of said N. Plummer and John W. Plummer, the plaintiff, if the other facts in the case, necessary thereto, had been satisfactorily proved, might recover, and the

contract for carrying said hay on freight would not be void, so as to prevent a recovery for any breach of said contract.

· *Ruggles and Hubbard*, for the defendants, argued that the instruction given, as to the pressing and marking of the hay, was erroneous. The requirements of the statute, (c. 64 of R. S. of 1841,) had not been complied with, as the plaintiff's evidence shows. The bundles were not branded *with the name of the person* by whom the hay was pressed. A construction of the statute, that will allow hay to be marked with the name of a person who had nothing to do with the packing or pressing of it, will defeat the very object and design of the statute.

Any contract for the sale of pressed hay, not branded or marked; or, not marked as the statute requires, cannot be *legally* enforced. Nor can hay, not branded as the law requires, be legally offered for shipment; and the law will not lend its aid for the recovery of damages, for a violation of a contract relating to the shipment of it, if the shipment would be unlawful.

*Whitmore*, for the plaintiff:—

The case finds that the defendants took the plaintiff's hay into their custody and agreed to take proper care of it, and that, by their neglect, and by exposing it to the weather, it became valueless.

Having taken the hay into their possession, the defendants undertook and were legally bound to take proper care of it. The defendants could not excuse themselves from this obligation, because the plaintiff had not literally complied with the requisitions of the statute as to branding the hay. In this view of the case, the ruling of the Judge, which was in accordance with the spirit of the statute, becomes wholly immaterial. The plaintiff has set forth facts enough in his declaration, viz.,— the delivery of the hay to the defendants, and their agreement to take proper care of it, and their gross neglect, and consequent damage to the plaintiff, to maintain the action, without the immaterial allegation of a contract to

Pickard *v.* Bayley.

take it on board their vessel. That portion of the contract might be erased from the declaration and the action maintained upon the evidence introduced. The jury, by their verdict, have found the facts proved.

The defendants say they should have been liable to a fine of two dollars for each bundle of hay taken on board of their vessel, and therefore did not take it on board. The cause of the plaintiff's injury is not, that they did not take the hay on board their vessel, but that they took it into their custody and agreed to take proper care of it; and we have yet to learn that there is law making it penal, after receiving the hay, to take proper care of it, — or any law which exempts them from liability for such neglect.

The opinion of the Court was delivered by

MAY, J. — This is an action of assumpsit against the defendants, as owners of the schooner Sarah, for the non-performance of a contract on their part, by which they agreed to take and carry with due care a quantity of pressed hay for the plaintiff, on freight, from Alna, Me., to Boston, Mass. The evidence in the case tended to show that said hay was wholly spoiled and lost, for want of proper care and attention after its delivery upon the wharf for transportation, in pursuance of said contract.

The principal ground of defence was that the said contract was illegal and void, because the bundles of hay were not branded in conformity with the requirement of the Revised Statutes of 1841, c. 64, § 1. This section requires that "all hay, pressed and put up in bundles for sale in this State, shall be branded on the bands or boards enclosing the same, with the first letter of the christian name and the whole of the surname *of the person* packing, screwing or otherwise pressing the hay, and also with the name of the place where the hay was pressed, or where the person packing or screwing the hay shall live, with the name of the State." By section 2, it is provided that "all screwed hay, offered for sale or shipping, unless branded in the manner mentioned in the preceding

section, shall be forfeited," &c.; and by section 3, it is further provided, that "if the master of any vessel shall take on board a vessel pressed hay not branded as before prescribed, he shall forfeit and pay two dollars for each bundle so received." In view of these several provisions, it is very clear that any contract for the transportation of pressed hay on board of any vessel, when the same is not branded in conformity with the provisions of the statute, is absolutely void. It is a contract which cannot be performed without a violation of law; and no damages can be recovered for the breach of a contract which cannot lawfully be performed. It has been held, under this statute, that a contract for the sale of pressed hay not branded as the statute requires, at the time of its delivery, cannot be enforced, and no damages can be recovered for its non-fulfilment. *Buxton* v. *Hamblen,* 32 Maine, 448.

It appears, from the evidence in the case before us, that the hay contracted to be shipped, was pressed by John W. Plummer of Alna, with a press belonging to him and one Paine, and that he branded a part of it with the name of his father, " N. Plummer," with a branding iron that belonged to him, and that this was done with his father's consent. The residue of the hay was not so branded by him, but the weight of it was marked on the bales with red chalk, and he told the plaintiff he could mark it when he pleased. The plaintiff testified that he afterwards procured a branding iron of Nathaniel Plummer, the father of John W. Plummer, and branded the hay "N. Plummer" with it, and also borrowed another marking iron of a Mr. Dole, with which he branded all the hay thus: — " Alna, Me."

Nathaniel Plummer testified that he was the owner of the branding iron, and let the plaintiff use it; that he did not press the hay and was not present when it was done, and only knew that his son went to press it, and he had no connection with the contract for pressing it.

Upon this evidence, the plaintiff, by his counsel, contended that such marking was a compliance with the law, while the other side contended that it was insufficient. The presiding

Judge, for the purpose of settling the damages and some other questions connected with the case, instructed the jury, *pro forma*, that if the plaintiff had satisfied them, from the whole evidence, that the hay which was agreed to be shipped, was all marked with the words, "N. Plummer, Alna, Me."; and that the hay was screwed or pressed by his son, John W. Plummer, at said Alna; and that both said N. Plummer and John W. Plummer lived in said Alna at the time; and that said hay was so marked by the consent and authority of said N. Plummer, and John W. Plummer, the plaintiff, if the other facts necessary thereto had been satisfactorily proved, might recover.

This instruction, in view of the express language of the statute, was clearly erroneous. The statute requires the name, to be branded on the bands or boards enclosing the hay, to be that of the person pressing it, and not that of any other person, by his consent and authority. Such a construction of the statute, as is urged for the plaintiff, would have little, if any tendency to prevent such frauds as the statute was designed to suppress, but, on the contrary, would tend to deceive, by holding out to the purchaser or shipper that the hay was actually pressed by the person whose name should happen to be branded thereon.

But it is now contended that, as the contract declared on contains a promise to take care of the hay and prevent injury to it, that part of the contract which is alleged, and relates to the shipping of the hay, may be rejected as surplusage, and the plaintiff can recover for the non-fulfilment of what remains. This cannot be so. Because the duty and the promise to take due care of the hay springs out of the contract of affreightment or shipment, and is incidental to it, and is, therefore, a part of one entire contract, which is unlawful as a whole. Beside this, there was no consideration for any of the incidental undertakings, springing out of the contract, other than the unlawful act of shipping, which the defendants had on their part stipulated to perform. The declaration does not allege, nor does the evidence show, any independent

engagement, aside from the principal contract, entered into by these defendants, in relation to the hay, or the care which should be taken of it after its delivery upon the wharf. Their duties, in regard to the hay, all arose from that principle of law by which a party, who contracts to do a certain thing, is bound to use all reasonable means necessary to effect it. *Savage* v. *Whittaker*, 15 Maine, 24. It is equally clear, in our judgment, that, under such circumstances, when the principal thing fails to be binding on account of its illegality, all its incidents are alike without validity or force. The other points raised in defence it becomes unnecessary to determine.

*Exceptions sustained, verdict set aside, and new trial granted.*

TENNEY, C. J., and RICE, CUTTING, APPLETON, and GOODENOW, J. J., concurred.